# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

No. 14-51269
Summary Calendar

TRC ENVIRONMENTAL CORPORATION,

Plaintiff - Appellee

v.

LVI FACILITY SERVICES, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-187

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Before us is the question of whether the subcontract between the parties requires arbitration for breach of contract claims. The answer to this question depends upon the interpretation of the term "contract documents" in the subcontract. After carefully considering this question, for the reasons set out below, we AFFIRM the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51269

## FACTS AND PROCEEDINGS

TRC Environmental Corporation ("TRC") was awarded a contract (the "Project Agreement") by the City of Austin, Texas, to decommission a power plant. TRC hired LVI Facilities Services, Inc. ("LVI") as a subcontractor on the project to complete various tasks, including asbestos removal. TRC filed a complaint against LVI in the United States District Court for the Western District of Texas, alleging that LVI had breached the subcontract. TRC sought three million dollars in damages as well as a declaratory judgment that TRC is not liable for LVI's additional expenses. In response, LVI filed motions to dismiss under Fed. R. Civ. P. 12(b)(6), to compel arbitration, and to stay litigation pending arbitration.

LVI's motion to compel arbitration is based on the arbitration provision in the subcontract. Article XXI of the subcontract, "Dispute Resolution and Attorney Fees," states, in relevant part:

> XXI.1 All disputes arising under the Contract Documents will be resolved in accordance with the terms of the Project Agreement.

> XXI.2 Where disputes arise between the Parties and not under the Contract Documents:

> > (a) The Parties agree to make a good faith effort to mutually resolve any dispute as quickly as practicable.

> > (b) Except to the extent it may invalidate or prejudice any insurance coverage of either Party, (1) disputes between the Parties arising out of or related to this Subcontract shall be decided by alternate dispute resolution procedures as mutually agreed, and (2) in the absence of such agreement, disputes shall be decided by arbitration before a single disinterested arbitrator in accordance with the existing Construction Industry Rules of the American Arbitration Association.

2

No. 14-51269

Contract Documents are defined by the Subcontract as including "this Subcontract and its Schedule, Exhibits, and Addenda and Amendments." Article 16 of the Project Agreement, "Dispute Resolution," contains Paragraph 16.3, "Resolution of Disputes between Contractor and Subcontractor or Supplier," which states:

> If a dispute exists concerning a claim between a CONTRACTOR and a Subcontractor or Supplier, the CONTRACTOR agrees to participate with such Subcontractor and/or Supplier in a process substantially paralleling the steps set out in paragraphs 16.1 and 16.2[1] above, including the delivery of written notices, submission of supporting data, negotiation with previously uninvolved personnel, and, if such alternative dispute resolution process is unsuccessful, mediation between the parties to the claim. If the CONTRACTOR and Subcontractor or Supplier agreement provides an alternative dispute resolution process, which provides substantially equivalent rights to those set forth herein, it may be followed, unless the CONTRACTOR and affected Subcontractor or Supplier agree to follow the process outlined above.

After considering this language, the magistrate judge held that the subcontract did not compel TRC to arbitrate its breach of contract claim because the breach of contract claim arose under the Contract Documents, which require resolution pursuant to the Project Agreement, Article 16 of which does not require arbitration. The district court, over LVI's objection, approved the magistrate's recommendation. LVI filed this timely appeal.

## DISCUSSION

We review the district court's interpretation of the arbitration agreement de novo. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 (5th Cir. 1996) (per

---

[1] Paragraph 16.2 of the Project Agreement states: "prior to pursuing any other available remedies . . . . The parties agree to participate in mediation in good faith for up to thirty (30) calendar days . . . . [T]hen each party is released to pursue other remedies available to them."

curiam).   The determination of whether a party should be compelled to arbitrate involves two steps: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotation marks omitted). A presumption of arbitrability applies to step two; ambiguities regarding the scope of the arbitration agreement are resolved in favor of arbitration. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).   There is no presumption regarding step one (i.e. a presumption that parties entered into an agreement to arbitrate); step one is evaluated "on the basis of ordinary state-law principles that govern the formation of contracts."   *Id.* (internal quotation marks omitted).

LVI argues that the parties had an "express, unambiguous, uncontradicted" agreement to arbitrate disputes.  LVI finds this express intent to arbitrate in Article XXI.2(b) of the subcontract, which states that "disputes between the Parties arising out of or related to this Subcontract . . . shall be decided by arbitration."  LVI acknowledges that Section XXI divides disputes into those "arising under the Contract Documents," Article XXI.1, and those "aris[ing] between the Parties and not under the Contract Documents," Article XXI.2.  Article XXI.1 thus constricts Article XXI.2(b) to requiring arbitration only when a dispute between the parties does not arise under the Contract Documents.  LVI argues that this is merely a "technical conflict" that should not be construed to alter the otherwise clear intent of the parties.

We find this argument unpersuasive.  Under the first prong of *Will-Drill* the parties have not agreed to arbitrate.  *See* 352 F.3d at 214.  The subcontract divides disputes into two categories, those that arise under the Contract Documents and those that do not.  The former are governed by the terms of the

No. 14-51269

Project Agreement between TRC and the City of Austin. The latter are governed by the terms within the subcontract. The Project Agreement requires certain alternative dispute resolution procedures, but not arbitration. The subcontract requires arbitration of disputes that do not arise under the Contract Documents.

Contract Documents are defined in the subcontract as including the subcontract. Thus disputes arising under the subcontract are subject to the terms of the Project Agreement, which requires an alternative dispute resolution process. The terms of the subcontract do not demonstrate that the parties agreed to arbitrate disputes arising under the subcontract. The parties instead appear to have created a catch-all provision that requires arbitration of those disputes that do not arise under Contract Documents. LVI makes several arguments against this interpretation, which we address briefly.

First, LVI argues that the district court failed to "harmonize" the various provisions within the subcontract. LVI starts with the language of Article XXI.2(b) of the subcontract, which states that "disputes between the Parties arising out of or related to this Subcontract . . . shall be decided by arbitration." Because the dispute arises out of the subcontract, LVI argues, the intent of the parties is clearly to arbitrate.

Second, LVI addresses the fact that this interpretation of the subcontract appears to ignore that Article XXI.2 only applies to disputes that do not arise under the Contract Documents. LVI's solution to this problem to look to the definition of "Contract Documents" under the Project Agreement instead of the subcontract. The Project Agreement does not include the subcontract as part

5

of "Contract Documents."[2]   If Articles XXI.1 and XXI.2 are read with this different definition of the Contract Documents, then Article XXI.2(b)'s arbitration agreement can be read to apply to all "disputes between the Parties arising or related to this Subcontract."

This, LVI argues, is consistent with the parties' intent because the parties meant to subject only those disputes concerning project documents as defined by the Project Agreement to the alternative dispute resolution processes of the project agreement.  LVI would take the term "Contract Documents" in Article XXI.1 of the subcontract to mean "Contract Documents" as defined in the Project Agreement as opposed to the subcontract.  But, nothing in the subcontract suggests that "Contract Documents" refers to the Project Agreement's definition.  Indeed, LVI does not address the subcontract's use and definition of the same term.  Further, the language of the Project Agreement suggests the opposite conclusion.  Paragraph 6.4.3. of the Project Agreement requires the contractor to include alternative dispute resolution provisions mirroring those in the Project Agreement in its agreements with subcontractors.  Paragraph 16.3 of the Project Agreement states that the contractor "agrees to participate with such Subcontractor and/or Supplier in a process substantially paralleling the steps set out in paragraphs 16.1 and 16.2 above [which provide for an alternative dispute resolution process]." R. at 406.  LVI's interpretation of the subcontract is not consistent with these requirements.

Lastly, we note that LVI misconstrues the presumption in favor of arbitration.  The Federal Arbitration Act codifies a "liberal federal policy

---

[2] The Project Agreement defines "Contract Documents" as "Project Manual, Drawings, Addenda and Change Orders."  The subcontract defines "Contract Documents" as including "this Subcontract and its Schedule, Exhibits, and Addenda and Amendments."

favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (internal quotation marks omitted).  But, this presumption applies when a court evaluates the scope of an arbitration under the second step of the arbitration analysis, not when a court is determining whether a valid arbitration agreement exists at all.  *E.g.*, *Gaskamp*, 280 F.3d at 10730.  Since we find there was no agreement to arbitrate disputes arising under the Contract Documents and, therefore, the subcontract we do not reach the second step of the arbitration analysis.

## CONCLUSION

For the reasons discussed, the parties did not have a valid agreement to arbitrate disputes arising under the subcontract.  We AFFIRM the district court.

No. 14-51269